# IN THE COURT OF APPEALS OF IOWA

No. 22-1713
Filed September 13, 2023


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS EARL ESTABROOK JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, John Telleen, Judge.


        Defendant appeals the portion of his sentence relating to his reasonable ability to pay category "B" restitution.  **AFFIRMED**.



        Brian S. Munnelly, Omaha, Nebraska, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.



        Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Dennis Estabrook Jr. appeals the portion of his sentence relating to his reasonable ability to pay category "B" restitution, arguing that the district court's determination that he had the ability to pay this restitution lacked evidentiary support or that the district court misapplied the law. We affirm.

## I.      Relevant Facts and Proceedings

In July 2022, Estabrook, pursuant to a plea agreement, entered a guilty plea to one count of theft in the first degree, in violation of Iowa Code section 714.2(1) (2022), a class "C" felony. The plea agreement read in part relevant to this appeal:

> a) The defendant will be responsible for payment of all pecuniary damages as defined in section 910.1(6).
> b) The defendant will be responsible for payment of all category "A" restitution as defined in section 910.1(1).
> c) The defendant will be presumed responsible for payment of all category "B" restitution as defined in section 910.1(2), unless a finding is made by the court upon request of the defendant to find him/her reasonably unable to make payments regarding some or all of category "B" restitution. Any such request to the court would be subject to the rules and requirements of section 910.2A. The defendant is additionally noticed that failure to request reduction or waiver of category "B" restitution within 30 days of the entry of judgment constitutes a permanent waiver of the right to request a finding of reasonable ability to pay under section 910.2A(3).

The district court accepted Estabrook's plea and set a sentencing hearing for September 2022. Prior to the hearing, Estabrook filed a financial affidavit, which reflected he was not employed and requested that the court make a determination regarding his ability to pay category "B" restitution. A notice was also filed indicating total category "B" restitution to date of $300.[1] At the sentencing

---

[1] An additional $40 was assessed as a court reporting fee for the sentencing hearing. And we note that while Estabrook claims the court was not permitted to make a reasonable-ability-to-pay determination in that the only item submitted was

hearing, the court entered the conviction, suspended the ten-year prison sentence and fine, placed Estabrook on formal probation, and provided for the defendant's completion of the 180 Program as part of his probation.[2]  As to Estabrook's reasonable ability to pay category B restitution, the following exchange took place:

> Court: I've reviewed the financial affidavit.  Certainly, I will tell you while it indicates he has no income, I am inclined—a gentleman that is a skilled machinist, I am inclined he has the reasonable ability to repay all category "B" costs.  I will certainly hear anything you wish me to consider before I make that determination, but that is where I am thinking.
> Defense counsel: No, Judge.
> Court: Okay.   The defendant—the court concludes the defendant has the ability to repay category "B" costs in full based on his lengthy history of gainful employment.

At the end of the sentencing hearing, defense counsel stated that the defendant would not be employed for the first seven months of the 180 Program. The court confirmed that the decision remained unchanged with respect to category "B" restitution.

## II.     Standard of Review

"We review restitution orders for correction of errors at law."  *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021) (quoting *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010)).

---

court costs, citing *State v. Davis*, 944 N.W.2d 641, 646 (Iowa 2020), Iowa Code section 910.3(9) now requires a district court to enter a permanent restitution order on the amount of restitution identified up to that point, with Iowa Code section 910.3(10) permitting a permanent restitution order to be superseded if additional or different restitution is ordered.

[2] The 180 Program is a residential, substance-abuse treatment program.

### III.     Analysis

We start our analysis with a review of the relevant statute. Effective June 20, 2020, the process for determining whether a criminal defendant has the reasonable ability to pay category "B" items of restitution, including repayment of court-appointed attorney fees, was modified. *See* 2020 Iowa Acts ch. 1074, § 72 (codified at Iowa Code § 910.2A (2020)).

We highlight that the statute carries a presumption that a criminal defendant has "the reasonable ability to make restitution payments for the full amount of category 'B' restitution." Iowa Code § 910.2A(1). The statute permits the defendant to request a determination by the court, either at or within thirty days after sentencing, and requires the district court to hold a hearing if that request is made. *Id.* § 910.2A(2), (3)(a).

The defendant can overcome the rebuttable presumption, and satisfy the burden of showing by a preponderance of the evidence that the defendant lacks the reasonable ability to make payment toward the full amount of category "B" items, by filing the required financial affidavit and submitting to questioning at the hearing. *See id.* § 910.2A(2)(a)–(c). The district court has broad discretion in making its determination. *Id.* § 910.2A(5) ("A court that makes a determination under this section is presumed to have properly exercised its discretion. A court is not required to state its reasons for making a determination."); *State v. W. Vangen*, 975 N.W.2d 344, 351–52 (Iowa 2022).

Before determining Estabrook had the reasonable ability to pay category "B" restitution, the district court considered Estabrook's financial affidavit, his skills as a machinist, and his lengthy history of gainful employment. The court also

considered that Estabrook would be unable to work for a period at the start of his probation.  Giving deference to the district court's broad discretion, we agree that Estabrook failed to rebut the statutory presumption of his reasonable ability to pay.

**IV.    Conclusion**

We conclude that the defendant failed to rebut the statutory presumption that he had the reasonable ability to make restitution payments for category "B" restitution.  Accordingly, we affirm.

**AFFIRMED.**